IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00075-MR

| | |
|---|---|
| CHRISTOPHER D. ELLERBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD E. ISHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion for Leave to File Amended Complaint [Doc. 11], Motion to Appoint Counsel [Doc. 3], and Motion for Preliminary Injunctive Relief[1] [Doc. 4].

The Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he is presently incarcerated. [Doc.1]. Before the Complaint was reviewed for frivolity, the Plaintiff filed the instant Motions. [Docs. 3, 4, 11]. They will be addressed in turn.

---

[1] This motion is titled "Motion for Court to Have Commissioner of Prisons to Issue Uniforms for Officers with their Name Tags."

In his Motion for Leave to File Amended Complaint, the Plaintiff seeks to add "important facts" which he sets forth in an attached "Statement of Facts." [Doc. 11]. A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Plaintiff's Motion for Leave to File Amended Complaint is moot because he may amend as a matter of course at this juncture in the proceedings. See Fed. R. Civ. P. 15(a)(2). However, piecemeal amendment will not be permitted. The Plaintiff may file a superseding Amended Complaint on a § 1983 form that clearly identifies the Defendants against whom he intends to proceed, and sets forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 10(a). Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his prior filings. If the Plaintiff fails to timely amend in accordance with this Order, the Court will proceed on the Complaint. [Doc. 1].

In the Motion to Appoint Counsel, the Plaintiff claims that he is unable to afford counsel; that he has no access to a law library; that he has limited ability and limited knowledge of the law; and that the issues in the case are complex and will require significant research and investigation. [Doc. 3].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and this Motion will be denied. Moreover, the Motion is moot insofar as the Plaintiff will have the opportunity to request that the North Carolina Prisoner Legal Services be appointed to assist him with discovery, should his case pass initial review. See Standing Order 3:19-mc-60.

Finally, in his Motion for Preliminary Injunctive Relief, the Plaintiff asks this Court to require the Commissioner of Prisons issue uniforms to prison officers that include their name tags. [Doc. 4]. The Plaintiff claims that he is unable to name individual officers because their new uniforms do not include name tags; that officers have refused to provide him with their names upon

request; and that a grievance addressing the matter was dismissed. [Id.]. He claims that this is a "breach of security" and violates NCDPS policy and procedure. [Id. at 2-3].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Accordingly, his Motion is denied.

4

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Leave to File Amended Complaint [Doc. 11] is **DENIED** as stated in this Order.

2. The Plaintiff may file a superseding Amended Complaint within **thirty (30) days** of this Order. If the Plaintiff fails to file an Amended Complaint in accordance with this Order, this action will proceed on the original Complaint [Doc. 1].

3. The Plaintiff's Motion to Appoint Counsel [Doc. 3] is **DENIED**.

4. The Plaintiff's Motion for Court to Have Commissioner of Prisons to Issue Uniforms for Officers with their Name Tags [Doc. 4] is construed as a Motion for Preliminary Injunction and is **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: September 7, 2022

Martin Reidinger
Chief United States District Judge