IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00075-MR

| | |
|---|---|
| CHRISTOPHER D. ELLERBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD E. ISHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Amended Complaint [Doc. 13]. Also pending is the Plaintiff's "Second Motion for Court to Order Commissioner of Prisons to Issued [sic] Uniforms for Officers with Their Name Tags." [Doc. 14]. The Plaintiff is proceeding in forma pauperis. [Doc. 10].

The Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he is presently incarcerated. [Doc.1]. Before the Complaint was reviewed for frivolity, the Plaintiff filed several Motions including a Motion for Leave to File Amended Complaint and a Motion

seeking preliminary injunctive relief.[1]  [Docs. 4, 11].  On September 7, 2022, the Court issued an Order denying the Motion for preliminary injunctive relief and denying the Motion to Amend as moot. [Doc. 12].  The Court granted the Plaintiff the opportunity to file a "superseding" Amended Complaint that "will supersede his prior filings."  [Id. at 2, 5].  The Plaintiff was cautioned that "piecemeal amendment will not be permitted" and that, if he failed to amend in accordance with the Court's Order, the Court would "proceed on the original Complaint."  [Id. at 2, 5].

The Plaintiff filed an Amended Complaint that is incomplete.  [Doc. 13]; see generally Fed. R. Civ. P. 8(a) (a complaint must contain a short and plain statement of the court's jurisdiction; a short and plain statement of the claim; and a demand for the relief sought).  The sections addressing the basis for the Court's jurisdiction, his prisoner status, his injuries, and the relief he seeks are either blank or state "[a]lready sent filed" or "sent filed."  [Doc. 13 at 4-5, 9-14].  The Plaintiff purports to "add[ ]" important facts to his statement of the claim.  [Id. at 5, 9].

It appears as though the Plaintiff is attempting to incorporate some or all of the Complaint into his Amended Complaint by reference.  As a general

---

[1] Titled "Motion for Court to Have Commissioner of Prisons to Issued [sic] Uniforms for Officers With Their Name Tags."  [Doc. 4].

matter, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotation omitted). Although a statement in a pleading may be adopted by reference elsewhere in any other pleading or motion, Fed. R. Civ. P. 10 (c), incorporation by reference under Rule 10(c) "must be direct and explicit, to enable the responding party to ascertain the nature and extent of the incorporation." 5A Wright & Miller, Fed. Prac. & Proc. Civ. § 1326 (4th ed.) (footnotes omitted). Incorporation "can easily be abused." Hinton v. TransUnion, LLC, 654 F.Supp.2d 440, 447 (E.D. Va. 2009), *aff'd* 382 F. App'x 256 (4th Cir. 2010).

The Plaintiff has ignored the Court's instructions to file a "superseding" Amended Complaint and to refrain from piecemeal filing. Instead, he filed an incomplete Amended Complaint that apparently attempts to incorporate all or part of the original Complaint by reference, and to add claims and allegations. This is yet another attempt to amend on a piecemeal basis that would require the Court and the Defendants to refer to the original Complaint as well as the Amended Complaint, and attempt to determine the claims and allegations upon which the Plaintiff intends to proceed. He will not be permitted to do so, and the Amended Complaint therefore is dismissed.

The Plaintiff shall have 30 days in which to file a Second Amended Complaint that will supersede the Complaint and the Amended Complaint. Any Second Amended Complaint must be on a § 1983 form, clearly identify the Defendants against whom he intends to proceed, and set forth the facts describing how each of the Defendants allegedly violated his rights. Should the Plaintiff fail to comply with this Order, the Court will review the original Complaint for frivolity.

Also pending is the Plaintiff's "Second Motion for Court to Order Commissioner of Prisons to Issued [sic] Uniforms for Officers with Their Name Tags." [Doc. 14]. He claims that he is unable to identify the "rightful defendants" in this case without knowing their names; that he is required to identify defendants by name rather than relying on John/Jane Doe filing; that the lack of identifying information will deprive him of access to the courts; and that he will be prejudiced and irreparably harmed without the Court's intervention. [Id. at 3-4].

The Plaintiff has, again, failed to establish any of the elements that would warrant preliminary injunctive relief. [See Doc. 12 at 4]. Moreover, the Motion is moot insofar as the Plaintiff believes that he is prohibited from naming John/Jane Does as defendants in this action. See generally Schiff v. Kennedy, 691 F.2d 196, 197-98 (4th Cir. 1982) (John Doe suits are

4

permissible only against "real, but unidentified, defendants," however, "if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice") (footnote omitted); <u>Chidi Njoku v. Unknown Special Unit Staff</u>, 217 F.3d 840, 840 (4th Cir. 2000) ("The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery.") (unpublished). Accordingly, the Motion for preliminary injunctive relief is denied.[2]

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff may file a superseding Second Amended Complaint within **thirty (30) days** in accordance with this Order. If the Plaintiff fails to so amend in accordance with this Order and within the time limits set by the Court, the Court will review the original Complaint for frivolity.

---

[2] This denial is without prejudice for the Plaintiff to attempt to assert claims against John/Jane Doe defendants in his Second Amended Complaint, subject to all timeliness and procedural requirements.

5

2. The Plaintiff's Second Motion for Court to Order Commissioner of Prisons to Issued [sic] Uniforms for Officers with Their Name Tags" [Doc. 14] is **DENIED**.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge