IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00075-MR

| | |
|---|---|
| CHRISTOPHER D. ELLERBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD E. ISHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Second Amended Complaint. [Doc. 16]. Also pending are the Plaintiff's Motion for Appointment of Counsel [Doc. 17] and "Motion for Court's Order Response to Complaint" [Doc. 19]. The Plaintiff is proceeding in forma pauperis. [Doc. 10].

**I.  BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement at the Alexander Correctional Institution.[1] Before the Complaint was reviewed for frivolity, the Plaintiff moved to amend. [See Doc. 11]. The Court denied the Motion as moot and

---
[1] The Plaintiff is presently incarcerated at the Warren Correctional Institution.

granted the Plaintiff the opportunity to file a superseding amended complaint. [Doc. 12]. The Plaintiff filed a piecemeal Amended Complaint [Doc. 13] which the Court dismissed, and the Plaintiff was given yet another opportunity to amend [Doc. 15]. The Second Amended Complaint is now before the Court for initial review. [Doc. 16].

The Plaintiff names as Defendants: Todd E. Ishee, the former North Carolina commissioner of prisons; the North Carolina Department of Adult Corrections (NCDAC);[2] Larry Williamson, the NCDAC regional director; Lane Honeycutt, the Alexander CI administrator; Jeffrey Duncan and Eric Dye, Alexander CI associate wardens;[3] and Stephen W. Coates, a prison psychologist. [Doc. 16 at 2-3]. The Plaintiff claims that he experienced conditions at Alexander CI that violate the First, Eighth, and Fourteenth Amendments. [Id. at 3, 5]. For injury, he claims: "mentally suffering, emotional distress, muscles atrophy, muscles aching, stiffness, stomach cramps, constipation, neck pain, lethargy, depression and anxiety – due to being denied recreational yard exercise, (22) and a half hours everyday locked in cell – and denial of religious services." [Id. at 11] (errors

---

[2] Formerly the North Carolina Department of Public Safety (NCDPS).

[3] Defendants Ishee, Williamson, Honeycutt, Duncan, and Dye will be referred to as the "Administrative Defendants" for ease of discussion.

2

uncorrected). He seeks a declaratory judgment, preliminary and permanent injunctive relief, compensatory and punitive damages, a jury trial, an award of costs, and any additional relief the Court deems just, proper, and equitable.[4] [Id.].

The Plaintiff seeks the appointment of counsel and review of his Complaint. [Docs. 17, 19].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly

---

[4] The Plaintiff's claims for declaratory and injunctive relief are moot because the Plaintiff has been transferred to another prison and the conditions about which he complains are unlikely to recur. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief.").
3

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

It appears that the Plaintiff may be attempting to assert claims on behalf of himself as well as other inmates. [See, e.g., Doc. 16 at 8 (referring to the "whole general population")]. As a pro se prisoner, he is not qualified to do so. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d

621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Accordingly, the claims that the Plaintiff attempts to assert on behalf of others are dismissed.

The body of the Complaint also appears to contain allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 16 at 10 (referring to "Medical staff")]. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551, 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed.

The Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit

5

against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities are dismissed.

**B.    Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th

6

Cir. 1997). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler, 989 F.2d at 1381.

A reviewing court "owe[s] 'substantial deference to the professional judgment of prison administrators.'" Beard v. Banks, 548 U.S. 521, 528 (2006) (quoting Overton v. Bazzetta, 539 U.S. 126, 132 (2003)). "[R]estrictive prison regulations are permissible if they are 'reasonably related to legitimate penological [objectives],' and are not an 'exaggerated response' to such objectives." Id. (quotations omitted) (quoting Turner v.

Safley, 482 U.S. 78, 87 (1987)).  The length of time Plaintiff was subjected to the harsh conditions is an important factor in analyzing whether his constitutional rights were violated.  See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997).

"[I]n certain circumstances, restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eight Amendment." Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) (citations omitted).  "In deciding whether conditions at a jail are so onerously burdensome as to reach constitutional dimensions, courts must look at the totality of the circumstances, including the extent to which the restrictions adversely affect the mental or physical health of the inmate." Id. (citations omitted).  These circumstances include the overall duration of incarceration, the length of time for which prisoners are locked in their cells each day, and the practical opportunities for the institution to provide prisoners with increased exercise opportunities.  Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir. 1992).  "Thus, confinement or punishment conditions imposed under one set of circumstances may constitute an Eighth Amendment violation; yet the same conditions, imposed under different circumstances, would not." Id.

The Plaintiff claims that the Administrative Defendants imposed conditions that violate the Eighth Amendment in that there has been no

8

Case 5:22-cv-00075-MR    Document 20    Filed 04/25/23    Page 8 of 16

outside recreation at Alexander CI since October 2021; that inmates are locked in their cells at all times, save for 1.5 hours each day when they are released to shower; that the cells are too small for exercise; and that exercise is not permitted in the dayroom. [Doc. 16 at 5-9]. The Plaintiff claims that these conditions are being imposed without any penological justification, that they amount to punishment, and that Defendants Ishee, Williamson, Duncan, and Dye are using the "excuse" that they are short-staffed. [Id. at 6, 9]. The Plaintiff claims that these conditions are causing him constant mental suffering, emotional distress, muscles atrophy, muscles aching, stiffness, stomach cramps, constipation, neck pain, lethargy, depression and anxiety. [Id. at 8].

Assuming *arguendo* that these conditions are adequately severe, the Plaintiff has failed to allege that the administrative Defendants knew of and disregarded an excessive risk to his health or safety. Further, the Plaintiff has not adequately alleged that he suffered a serious or significant mental or emotional injury as a result of the conditions at issue. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193,

201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff's claims that the Administrative Defendants violated his Eighth Amendment rights in this regard are, therefore, dismissed.

**C.  Deliberate Indifference to a Serious Medical Need**

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment also fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). For the sake of clarity, however, the Court will treat this claim separately here. To state a claim under the Eighth Amendment on this ground, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted); see also Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To establish a deliberate indifference claim against non-medical personnel, a prisoner must show that the non-medical personnel failed to promptly provide needed medical

10

treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).

The Plaintiff appears to claim that the Administrative Defendants were deliberately indifferent to his serious physical and psychological needs by imposing the conditions discussed *supra.* The claims against the Administrative Defendants are dismissed because the Plaintiff does not allege that the Defendants, who are all non-medical personnel, had subjective knowledge of the substantial risk of harm to the Plaintiff from these conditions. The subjective element of a deliberate indifference claim, therefore, is lacking.

The Plaintiff further claims that Defendant Coates, a psychologist, knew that the Plaintiff is a "Level (3) mental patient" who is not supposed to be held inside for 22 hours per day pursuant to North Carolina Policy & Procedures; that the Plaintiff told Coates that the described conditions were causing depression and anxiety "on a greater level;" and that Coates refused to intervene on the Plaintiff's behalf." [Doc. 16 at 9].

The Plaintiff's claim that Defendant Coates violated his constitutional rights by failing to enforce a prison policy fails to state a claim because a policy violation does not, by itself, rise to the level of a § 1983 claim absent

a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Further, the Plaintiff's reference to a greater level of anxiety and depression does not sufficiently allege that Defendant Coates was aware of, and deliberately disregarded, a substantial risk of serious harm. See Dickson, 309 F.3d at 201-02. Accordingly, the Plaintiff's claims of deliberate indifference to a serious medical need are dismissed.

### D. Religious Exercise

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that: (1) he held a sincere religious belief and (2) that his religious practice has been substantially burdened by a prison policy or practice. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989); Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner, 482 U.S. at 89). "A substantial burden either puts pressure on a person to change his religious beliefs or puts that person

12

Case 5:22-cv-00075-MR   Document 20   Filed 04/25/23   Page 12 of 16

to a choice between abandoning his religion or following his beliefs and losing some government benefit." Firewalker-Fields v. Lee, 58 F.4th 104, 114 (4th Cir. 2023) (citing Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)). If that threshold showing is made, the prisoner must then show that the practice or regulation is not "reasonably related to legitimate penological interests." Id. (quoting Turner, 482 U.S. at 89).

The Plaintiff claims that he is a practicing Messianic Jew; that Alexander CI has not offered religious services since October 2021; and that the Plaintiff is forbidden to meet with a rabbi or to "practice the freedom and fellowship" with other inmates. [Doc. 16 at 5-7].

These allegations suggest that the religious restrictions inconvenienced the Plaintiff. However, he fails to plausibly allege that the Defendants substantially burdened his sincere religious beliefs. See McEachin v. McGuinnis, 357 F.3d 197, 203 n.6 (2d Cir. 2004) (a mere inconvenience to the exercise of religion fails to give rise to a First Amendment violation); Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (citations omitted) ("[d]e minimis burdens of the free exercise of religion are not of constitutional dimension."). Further, he has failed to support his conclusory contention that such was not reasonably related to

legitimate penological interests with any factual allegations. Accordingly, the Plaintiff has failed to state a First Amendment claim.

### E. Due Process

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994).

The Plaintiff appears to claim that the Administrative Defendants violated his due process rights by informing prisoners via an electronic memo that there would be no more recreational yard exercise or religious services, and that Alexander CI would be treated as a total segregation institution. [Doc. 16 at 11]. Assuming arguendo that the conditions at issue are adequately harsh and atypical, the Plaintiff has not plausibly alleged that a law or procedure created a liberty interest in their avoidance, or that any Defendant failed to provide him with the required process before those

14

conditions were imposed. See Prieto v. Clarke, 780 F.3d 245, 251 (4th Cir. 2015) ("harsh and atypical confinement conditions in and of themselves [do not] give rise to a liberty interest in their avoidance"). The Court will, therefore, dismiss Plaintiff's Fourteenth Amendment claim on initial review because the Plaintiff has failed to state a claim upon which relief may be granted.

### F. Pending Motions

In his Motion for Appointment of Counsel, the Plaintiff asserts that he is unable to afford counsel; that he lacks access to a law library and has limited knowledge of the law; that the issues in the case are complex and will require significant research and investigation; that a trial will likely involve conflicting testimony; and that counsel would be better able to present evidence and cross-examine witnesses. [Doc. 17].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and, therefore, this Motion will be denied.

15

Case 5:22-cv-00075-MR  Document 20  Filed 04/25/23  Page 15 of 16

In his "Motion for Court's Order Response to Complaint," the Plaintiff asks the Court to "respond" to his Complaint. [Doc. 19]. The Court construes the Plaintiff's motion as a request for an initial review of his Complaint. As an initial review has now been conducted, the Motion is denied as moot.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Second Amended Complaint is dismissed. The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his complaint and he has failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Second Amended Complaint [Doc. 16] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The Plaintiff's Motion for Appointment of Counsel [Doc. 17] is **DENIED**.

3. The Plaintiff's "Motion for Court's Order Response to Complaint" [Doc. 19] is **DENIED AS MOOT**.

Signed: April 24, 2023

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

16

Case 5:22-cv-00075-MR   Document 20   Filed 04/25/23   Page 16 of 16